UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BURLINGTON INSURANCE COMPANY,

    Plaintiff,                                           Case Number: 12-12623

v.                                                     HON. AVERN COHN

F. MOSS WRECKING CO., and
LINDA VISTA, LLC,

    Defendants.
_____/


## MEMORANDUM AND ORDER
## GRANTING MOTION TO SET ASIDE DEFAULT JUDGMENT (Doc. 24)

I.  Introduction

This is a negligence case.  On June 15, 2012, Burlington Insurance Company (Burlington) filed a complaint against F. Moss Wrecking Co., Linda Vista, LLC and John Does 1 through 25.[1]  The complaint alleged, among other claims, that F. Moss Wrecking, Co. negligently operated heavy equipment which it believed directly and proximately caused the collapse of a building located at 19181 Conant, Detroit, Michigan.  Burlington insured a company called GLL, LLC, by providing property and liability coverage.  After Burlington paid GLL, LLC on its claim, Burlington filed this action against defendants and sought judgment in the amount of $267,654.87.

The Clerk entered a default against F. Moss Wrecking, Co. (Moss Wrecking) and Linda Vista, LLC.  The Court subsequently entered default judgments against both

---

      [1]The Does have since been dismissed.  (Doc. 13).

defendants in the amount of $267,654.87. Before the Court is Moss Wrecking's motion to set aside the default judgment. For the reasons that follow, the motion will be granted.

II. Background

After the filing of the complaint, on July 31, 2012, Burlington submitted a Summons and Complaint Return of Service form filled out by process server Donald F. Kehn. It states that Floyd Moss (Moss) was "personally served at this address: 20165 Cheyenne, Detroit, MI 48235." (Doc. 4).[2] On August 27, 2012, counsel for Burlington filed a Request of Clerk's Entry of Default as to Moss Wrecking. (Doc. 6). The request for Clerk's entry of default does not indicate that it was served on Moss. On August 30, 2012, in reliance upon the Request for Clerks Entry of Default, the Clerk entered a default against Moss Wrecking for failure to plead or otherwise defend. (Doc. 11). On September 12, 2012, Burlington filed a Request for Entry of Default Judgment with the Clerk with an Affidavit of Sum Certain. (Doc. 14). The Clerk denied the request that same day for insufficient documentation. (Doc. 15). The record does not indicate that Moss was served with the default judgment request.

Thereafter, on November 7, 2012, Burlington filed a motion for entry of default judgment against Moss Wrecking, requesting judgment in the amount of $267,654.82

---

[2]Burlington submitted a DVD which contains what purports to be a video of the service of process taken with the process server's cellular telephone. The Court has reviewed the video. It appears that the process server did indeed serve Moss, the principal and registered agent for Moss Wrecking. The process server told Moss, who appears to be in a walker/wheelchair, that the envelope contained "Court" and/or "lawyer" papers related to the 'Wrecking Company." The process server did not state that it was a summons and complaint or otherwise indicate that Moss was being served with a lawsuit.

and costs of $423.75.  (Doc. 16).  The motion was supported by documents substantiating the amount of Burlington's loss.  The record does not show that this motion was served on Moss.  On November 9, 2012, the Court held a hearing on Burlington's motion for default judgment.  Counsel for Burlington represented at the hearing that everything was in order.  Accordingly, on December 13, 2012, the Court entered a Default Judgment in the amount of $267,654.82 in damages and $423.785 in costs against Moss Wrecking. (Doc. 19).  Again, the record does not show that Moss was served with the default judgment.  On February 7, 2013, Bank of America submitted a Garnishee Disclosure as to Moss Wrecking.  (Doc. 22).

III.  Analysis

A.

Fed. R. Civ. P. 55(c) governs setting aside a default.  It reads:

(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

The decision to set aside a default is left to the court's discretion.  Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 193 (6th Cir. 1984).

Because, however, a judgment has been entered, Fed. R. Civ. P. 60(b) governs. Rule 60(b) sets forth the following grounds for setting aside a default judgment: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment is satisfied, released or discharged; (6) any other relief justifying relief from judgment.  Fed. R .Civ. P. 60(b)(1)-(6).  The Court must apply Rule 60(b) "equitably and liberally  . . . to achieve substantial justice."  United Coin Meter Co. v.

3

Seaboard Coastal Line R.R., 705 F.2d 839, 844–45 (6th Cir. 1983). The decision to vacate a default judgment is entrusted to the trial court's discretion. In re Walter, 282 F.3d 434, 440 (6th Cir. 2002).

In United Coin Meter Co., 705 F.2d at 845, the Sixth Circuit set forth three factors to be considered in deciding a Rule 60(b) motion: (1) whether plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. The Sixth Circuit has further explained that the "culpable conduct" factor is the most critical consideration in a motion to set aside a default judgment under Rule 60(b)(1). See Waifersong, Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir.1992).

B.

As an initial matter, nothing in the record shows that Burlington served Moss with the request for Clerk's entry of default on Moss, as required under Fed. R. Civ. P. 4. Fed. R. Civ. P. 5(a)(2) provides that the only circumstance in which service need not be made is "on a party who is in default for failing to appear." Unless and until the Clerk enters a default against a party, that party, by definition, is not yet in default. Thus, courts have held that Rule 5(a) unambiguously provides that service of the request for Clerk's entry of default on defendant is required. See e.g., Mosley v. Faurecia Automotive Seating, Inc., 2008 WL 1925051, *2 (E.D. Mich. May 1, 2008); Simmons v. Ohio Civil Service Emp. Assoc., 259 F. Supp. 2d 677, 686 (S.D. Ohio 2003) (A default is properly set aside where the motion for default and other pleadings were not served on the parties in accordance with Rule 5(a)). See also Estate of James C. Wyatt v. WAMU/JP Morgan Chase Bank, 2011 WL 3163242 (E.D. Mich. July 27, 2011) (finding

4

that failure to serve defendant with request for Clerk's entry of default, among other things, rendered default judgment invalid). In its response to the motion to set aside default judgment, Burlington does not dispute that Moss was served only with the summons and complaint. Burlington then states, incorrectly, that there is no requirement that Moss be served with any additional notice of proceedings. Thus, the default judgment must be set aside for failure to comply with Rule 5(a)(2).

C.

Furthermore, consideration of the factors in United Coin Meter militates in favor of setting aside the default judgment. As explained in Moss' declaration, he is 70 years old and is recovering from a debilitating stroke which has affected his cognitive thought processes, including memory loss. Moss says he first learned of the judgment in February 2013 after Moss Wrecking's account with Bank of America was garnished. At that point, Moss retained counsel on behalf of Moss Wrecking. He further states that he knew nothing about the judgment or the claims against him. This is not evidence of culpable conduct.

As also explained in Moss Wrecking's papers, it has a potentially meritorious defense. Moss denies that Moss Wrecking worked on the building in question and alleges that a former employee, Jonathan Joseph Yousif, registered a company with a similar name, "F. Moss Wreckingg Co." (with 2 "gg"s). Moss further states that Yousif "sole his corporate identity," "used his mailing address," and allegedly entered into the contract with Burlington's insured, GLL, LLC. Moss believes that it was Yousif's company, not Moss Wrecking, that allegedly caused the damage to the building.

IV.  Conclusion

For the reasons stated above, Moss Wrecking has established that the default judgment must be set aside.  Accordingly, Moss Wrecking's motion is GRANTED.  This case is REOPENED for further proceedings as between Burlington and Moss Wrecking.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  June 20, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 20, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160